UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

_____

STEPHEN PRISCO, individually and on behalf of
all others similarly situated,

    Plaintiff,

vs.                                                        Civil Action No.:_____
                                                        **CLASS ACTION**

                                                        **JURY TRIAL DEMANDED**

PAYMENT ALLIANCE INTERNATIONAL, INC.,

    Defendant.

_____

**COMPLAINT**
_____

Plaintiff Stephen Prisco, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to himself and upon information and belief based, in part, on the investigation of counsel, as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendant alleging violations of 15 U.S.C. § 1693 *et seq.*, which is commonly known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services. The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b). The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3. The EFTA specifically requires that ATM machines must have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge. 15 U.S.C. § 1693b(d)(3).

4. This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice as required by the EFTA.

5. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA. Plaintiff seeks, on behalf of himself and the proposed class, statutory damages, costs and attorney's fees, all of which are expressly made available by statute, 15 U.S.C. § 1693m. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA which prohibit the improper imposition of ATM fees.

## II. PARTIES

6. Plaintiff is a natural person who resides in Wake County, North Carolina and used the ATM owned and operated by Defendant Payment Alliance International, Inc. and located at Crabtree Valley Mall #1, 4325 Glenwood Ave Raleigh, NC 27612 (hereinafter, the "PAI

ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee at said ATM.

7. Defendant Payment Alliance International, Inc. ("PAI") is a foreign corporation authorized and doing business in North Carolina. PAI may be served through its registered agent, Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603.

### III. JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

9. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### IV. BACKGROUND

**A. Electronic Funds Transfer Act**

10. "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes . . . automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

11. Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or

a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

12. 15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction. Specifically, 12 C.F.R. § 205.16(b) states:

> *General.* An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2) Disclose the amount of the fee.

13. 15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers. 12 C.F.R. § 205.16(c) states:

> (c) *Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:
>
> (1) *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
>
> (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or
>
> (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and
>
> (2) *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on

> the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

14. Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

15. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c). Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.** No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

> (e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
> (1) The consumer is provided the notices required under paragraph (c) of this section, and
>
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

16. Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

### B. Defendant's Conduct

17. Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

18. Defendant operates the PAI ATM located at Crabtree Valley Mall #1.

19. The PAI ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

20. The PAI ATM imposes a fee on consumers who withdraw cash from the PAI ATM.

21. Defendant failed to post on or at the PAI ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the PAI ATM.

22. Defendant's failure to post the required notice on or at the PAI ATM has resulted in frequent and persistent non-compliance with the EFTA. Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

23. Despite knowing of the ATM fee notice provisions of the EFTA, Defendant has intentionally violated and continues to violate the EFTA by failing to post the required ATM fee notices at the PAI ATM and improperly imposing ATM fees.

24. Defendant's non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee, did not result from a bona fide error.

### C. Plaintiff's Electronic Funds Transfers With Defendant

25. Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

26. On October 24, 2010, Plaintiff used the PAI ATM in order to conduct an electronic funds transfer involving the withdrawal of cash.

27. The PAI ATM did not and do not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as they did not have any sign affixed to it or in close proximity to them informing consumers that use of the PAI ATM will or may result in an ATM surcharge.

28. Plaintiff was in fact assessed a $2.25 ATM surcharge fee for withdrawing cash the PAI ATM.

## V. CLASS ALLEGATIONS

29. Plaintiff brings this class action on behalf of himself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30. Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the PAI ATM and (c) were assessed a fee for withdrawing cash from the PAI ATM, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until the Defendant is compliant with the ETFA by posting the appropriate notice. (the "Class").

31. Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

32. The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records. Defendant has exclusive control of this information.

33. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

34. The Class is sufficiently numerous to make bringing all parties before the Court impractical.

35. Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

36. Plaintiff and members of the Class were each users of the PAI ATM since the date one year prior to the filing of this action.

37. Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA.

38. Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee by the PAI ATM.

39. The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

> (a) Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;
>
> (b) Whether Defendant is the operator of the PAI ATM;
>
> (c) Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and
>
> (d) Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.

40. Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class. Plaintiff has no interests antagonistic to the members of the Class. Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation.

41. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

42. A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

43. Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## VI.   CLAIMS

**A.   Count 1:  Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.*

44. Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

45. Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

46. Defendant failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

47. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

48. Defendant imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

49. As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the class for statutory damages pursuant to 15 U.S.C. § 1693m.

50. As a result of Defendant's violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

51. Defendant's conduct is continuing, and, unless restrained, Defendant will continue to engage in violations of the EFTA.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B. An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C. Disgorgement of all revenue obtained by Defendant from electronic fund transfers obtained in violation of law during the class period;

D. Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

E. Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

F. A permanent injunction enjoining Defendant from engaging in conduct in violation of the EFTA; and

G. For other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

By: s/Adam A. Smith

Adam A. Smith (NC Bar ID: 31798)
**LAW OFFICE OF D. HARDISON WOOD**
1400 Crescent Green Drive, Suite 100
Cary, North Carolina 27518
Telephone: 919/233-0520
Facsimile: 919/233-0521
Email: adam@hardisonwood.com

*Attorneys for Plaintiff and Proposed Class Counsel*

**OF COUNSEL:**

By: s/B. J. Wade
B. J. Wade (#05182)
**GLASSMAN, EDWARDS, WADE & WYATT, P.C.**
26 N. Second Street
Memphis, TN  38103
(901) 527-4673 – telephone
(901) 521-0940 – facsimile
bwade@gewwlaw.com